JOSEPH P. GRAY, Respondent, v. TOLEDO, ST. LOUIS & WESTERN RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, May 9, 1910.**

**CONTRACT: Offer: Acceptance.** Where negotiations had been in progress for the settlement of a claim for occasioning the death of an employee of a railway company, the latter's agent near the beginning had offered $1500, which the claimant rejected. After several letters between the parties, the railway company's agent wrote the following letter to plaintiff's attorneys: "Your letter of the 30th ult., and relative to my reply of the 3rd inst., will say that I have consulted with the general solicitor relative to this case and he advises me that rather than go any higher than my original offer of $1500 this matter will have to be contested." And the attorneys telegraphed the following acceptance: "Your offer of fifteen hundred dollars in settlement of Gray, administrator, v. Toledo, St. Louis & Western Railroad Co., is hereby accepted." *Held*: That there was no contract; and that defendant's letter was not a binding offer to pay $1500.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED.

*Charles K. Hart, Charles A. Schmettau, George J. Mersereau* and *Lathrop, Morrow, Fox & Moore* for appellant.

(1) There was no contract or agreement of settlement. Page on Contracts, sec. 24-28; Egger v. Nesbit, 122 Mo. 667; Cangass v. Mfg. Co., 37 Mo. App. 297. (2) Even under the view that Belford's letter of February 11th was an offer, the acceptance was not within a reasonable time, considering the imminence of the trial. 2 Parsons on Contracts (5 Ed.), p. 662; Scannell v. Soda Fountain Co., 161 Mo. 606; Hargadine-McKit-

trick v. Reynolds, 64 Fed, 560; The M. M. Hamilton, 17 Fed. Cas. 555. (3) There was no ground in this case for the application of the doctrine of estoppel as against appellant. Gerhart v. Assurance Co., 94 Mo. App. 356; Slover v. Rock, 96 Mo. App. 335; Barton v. Hunter, 59 Mo. App. 610; Goff v. Mulholland, 28 Mo. 397; Marshall v. Larkin, 82 Mo. App. 635; Giboney v. Insurance Co., 48 Mo. App. 185. (4) The alleged contract of settlement was void for want of mutuality as the alleged contract was not binding upon the administrator at the time repudiated by the appellant. Bay v. Trusdell, 92 Mo. App. 377; State v. Clifford, 124 Mo. 492; Speers v. Lederberger, 56 Mo. 465. (5) The record discloses that Bresnehen & West knew that Belford could enter into a contract of settlement only when expressly authorized so to do; therefore, in dismissing the original action and attempting to rely upon this contract after it had been repudiated, they were acting at their peril so far as Belford's authority to enter into contract was concerned. Kilpatrick v. Wiley, 197 Mo. 123.

*Bresnehen & West* for respondent.

(1) The language of Belford's letter to Bresnehen & West of February 11, 1908, should be construed according to its plain, common-sense meaning. Goode v. St. Louis, 113 Mo. 257; Lovelace v. Protective Assn., 126 Mo. 104; Sachleben v. Wolfe, 61 Mo. App. 28; Maginn v. Lancaster, 100 Mo. App. 116. (2) After the offer of February 11, 1908, was made, respondent had a reasonable time within which to accept it. Page on Contracts, sec. 38; 7 Am. and Eng. Ency. Law, 134. (3) The question of whether or not respondent's acceptance of Belford's offer of February 11, 1908, was made within a reasonable time, was a question of fact to be determined by the trial court. 23 Am. and Eng. Ency. Law, 585; Johnson v. Agricultural Co., 20 Mo. App. 100.

ELLISON, J.—In December, 1905, John A. Stephens was engaged in defendant's service as a brakeman on its railway in the State of Indiana, and on that day he was killed. Plaintiff charges that his death was caused by defendant's negligence. He left a widow, who resides in Linn county, in this State. After his death the plaintiff was appointed by the proper court in Indiana administrator of his estate, and in that capacity instituted an action in the circuit court of Linn county to recover damages for the death. This it is conceded he might do under the statute of this State. While that action was pending there was an extended negotiation for a compromise, mostly carried on by letters and telegrams. Plaintiff claims that this resulted in a settlement in the sum of fifteen hundred dollars, which defendant afterwards refused to pay. After the alleged settlement plaintiff dismissed his suit and then brought the present action for fifteen hundred dollars, based on the settlement. Afterwards plaintiff filed an amended petition, in which he became the plaintiff by dropping his official capacity and substituting himself individually as plaintiff. He obtained judgment in the trial court and defendant has brought the case here.

We will pass by the question raised as to plaintiff's right to change his character as plaintiff from that of administrator, to his individual capacity, and his right in the latter capacity to maintain the suit, and proceed to the question discussed at length, whether there was a settlement of the case.

The negotiations were carried on exclusively by plaintiff's attorneys in Linn county and defendant's claim agent in Indiana. The latter was in Brookfield, Linn county, three different times, and talked with plaintiff's attorneys about a settlement. An offer of a small sum was made and rejected. At his second visit an offer of $800 was made and refused. At his last interview, in October, 1907, he offered $1500, and then

$2000, which were likewise refused. Negotiations after that time were carried on by correspondence.

On the first of November, 1907, defendant's agent wrote plaintiff's attorneys the following letter:

"I have your communication of the 30th ult., relative to the adjustment of this claim. If $4500 is the best proposition which you have to offer in adjustment of this claim it will be necessary for the matter to be contested. Our proposition of $2000 is still open and if you see fit to accept it at any time previous to the trial of this case, notify me and I will make the necessary preparations for adjustment. We will be glad at any time to hear from you if you have a proposition which comes within reason and within striking distance of a compromise settlement."

To this the attorneys wrote the following, under date of the 2nd of January, 1908:

"On November 1, 1907, you wrote us in the matter of Gray, Admst., v. Railway Company, regarding settlement of claim, wherein you said: 'We will be glad at any time to hear from you if you have a proposition which comes within reason and striking distance of a compromise settlement.' We thought we had made you a proposition that came within reason, but hardly know what you mean by striking distance. We have on hand a number of cases against the Burlington Railroad for our February term, and if there is to be any negotiations toward a settlement of this claim before the term begins we think it would be well to get them under way now before either side makes further preparation for trial. If you will write us making your very best proposition we will give you our answer. In other words, give us the limit of 'striking distance.' "

In answer to this, defendant's agent, on January 6, 1908, wrote the following:

"I have yours of the 2nd inst., relative to the adjustment of this case. I see you have not quite understood my letter of November 1, 1907, in which I said I

would be glad to entertain any proposition of adjustment which might come from you. I have made you a proposition of $1500 and the best that you would do towards adjusting the matter was $4500. I am still awaiting a proposition from you in adjustment of this claim. If, as you say, you have a number of other cases to be tried at this term, leaving aside the question of a probable verdict in this case, I think it is worth considerable to you to adjust the matter rather than have to try it.

"Let me know as soon as possible what proposition you have to make in this matter rather than contest it."

And to this the attorneys answered January 8, 1908, as follows:

"Yours of 6th inst., relative to John A. Stephens death claim is just at hand. In your letter of Nov. 1, 1907, you made us a proposition of $2000; our proposition to you was $4500. We are now inclined to get down to business without further delay, and are willing to split the difference. In other words we will settle with you for $3250. It seems to us now that we have come down within 'striking distance.'"

The answer to this offer does not appear, though it is conceded that it was not accepted. It appears further that the attorneys wrote again to defendant's agent, on the 30th of January, but this letter was not in evidence. The agent answered it by the following letter dated February 11, 1908:

"Your letter of the 30th ult., and relative to my reply of the 3rd inst., will say that I have consulted with the general solicitor relative to this case and he advises me that rather than go any higher than my original offer of $1500 this matter will have to be contested."

Six days after receipt of this letter, *viz.*, on February 17th, the attorneys telegraphed to the agent as follows:

"Your offer of fifteen hundred dollars in settlement of Gray, administrator, against Toledo, St. Louis & Western Railroad Co., is hereby accepted."

The case was set for trial in the Linn County Circuit Court for the February, 1908, term, and before receiving this telegram the agent had left Indiana for Brookfield to try the case. He came by Kansas City (arriving there February 19th), to which point the telegram was forwarded, and he on that day telegraphed the attorneys as follows:

"Your offer reached me too late. All witnesses here ready for trial. Cannot settle. Must try case."

The instruments relied upon to make out an offer of settlement and an acceptance, are the last letter of defendant's agent of February 11th, and the telegram of the attorneys of February 17th. The other correspondence finds place as a history of the case up to the time which plaintiff claims witnessed a contract to pay fifteen hundred dollars in settlement of the then pending case, and upon which this action was brought.

We are satisfied that the letter should not be construed as a proposition of settlement which could become binding on defendant by the mere acceptance by plaintiff. An offer must be sufficiently definite and certain to show an intention to create legal relations and to assume a legal liability for the sum said to be offered, on its acceptance by the party to whom it is made. [1 Page on Contracts, secs. 25, 26.]

We think the case of Harvey v. Facey, L. R. Appeal Cases, 1893, 552, a good illustration of what is meant by definiteness of offer as regards liability upon acceptance. It appears that the mayor and council of Kingston desired to buy of Facey "Bumper Hall Pen," and they had some negotiations together. Facey offered to sell it to them for 900 pounds; but the offer was not accepted. Afterwards they telegraphed him in these words: "Will you sell us Bumper Hall Pen? Telegraph lowest cash price. Answer paid." On the same

day Facey telegraphed in answer, stating the price he had already offered, in these words: "Lowest price for Bumper Hall Pen 900 pounds." And on same day they telegraphed in answer to him the following: "We agree to buy Bumper Hall Pen for the sum of nine hundred pounds asked by you. Please send us your title deed in order that we may get early possession."

In an action against Facey for specific performance, it was held that there was no binding agreement to sell, and that the only thing he agreed to was that nine hundred pounds was the lowest price, if he sold at all. In the first telegram he was asked if he would sell the property; and also to telegraph his lowest price. He answered the latter part of the inquiry only. The plaintiffs sought to supply the word "Yes" in his answer, so that it would constitute an answer to the first part of the telegram, but the court refused that suggestion, and remarked "that the mere statement of the lowest price at which the vendor would sell contains no implied contract to sell at that price to the persons making the inquiry."

The case at bar is not nearly so strong in favor of a contractual offer as is that case. For here the defendant's agent merely says that his superior, the general solicitor, has advised him that rather than go any higher than the original offer of fifteen hundred dollars, he would contest the matter. That was a notification that the defendant would not accept plaintiff's offer in the preceding letter and that it would not negotiate for settlement on any higher basis than the offer which had been made early in the controversy; but it was by no means a contract to pay that sum. That defendant's agent did not think he had made an offer to pay fifteen hundred dollars is evidenced by his last telegram wherein he designates plaintiff's telegram as an "offer" to him instead of an acceptance of an offer *from* him.

143 App—17

The foregoing makes it unnecessary to discuss whether plaintiff's acceptance was within a reasonable time, and other questions presented by defendant. The judgment is reversed. All concur.